IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ANGELA BROOKS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:05cv506-T |
| ) | (WO) |
| THE CATO CORPORATION and ) | |
| CATO FASHIONS OF ALA., ) | |
| INC., ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C.A. §§ 1332 (diversity of citizenship) 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of

each defendant.  28 U.S.C.A. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard. The notice gives the "residence" rather than the "citizenship" of the plaintiff.  An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995, 92 S.Ct. 534 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that defendants have until June 28, 2005, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C.A. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 8th day of June, 2005.

        /s/ Myron H. Thompson
       UNITED STATES DISTRICT JUDGE